IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAO LIU, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-633-ALM-KPJ |
| § | |
| SPECIALIZED LOAN SERVICING § | |
| LLC *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISRATE JUDGE**

Pending before the Court is Plaintiff Hao Liu's ("Plaintiff") Motion for Leave to File Complaint (Dkt. 1) (the "Motion"). After reviewing the Motion and Plaintiff's proposed complaint (Dkt. 2), the Court recommends Plaintiff's Motion (Dkt. 1) be **DENIED**. Further, because Plaintiff has filed the Motion (Dkt. 1) and proposed complaint (Dkt. 2) in violation of the United States District Court for the Eastern District of Texas' court order, the Court recommends that the case be **DISMISSED**.

**I. BACKGROUND**

Plaintiff has brought suits in a variety of jurisdictions, including the United States District Court for the Eastern District of Texas. *See Liu v. Medical Center of Plano et al.*, 4:09-cv-625 (E.D. Tex. Oct. 26, 2010) ("Plaintiff's 2010 Suit"); *Liu v. Hopkins County et al.*, 4:16-CV-694 (E.D. Tex. Sept. 9, 2016) ("Plaintiff's 2016 Suit"). Plaintiff has been sanctioned and is subject to pre-filing injunctions in the Northern District of Texas and the Fifth Circuit. *See Liu v. Hopkins County et al.*, 4:16-CV-694, Dkt. 17 at 2 (E.D. Tex. Dec. 20, 2016) (citing *Liu v. Plano Med. Ctr.*,

3:08-CV-172-N (N.D. Tex. Apr. 21, 2008); *Liu v. Plano Med. Ctr.*, 3:08-CV-172-N (5th Cir. 2009)).

In Plaintiff's 2010 Suit, Judge Schneider of the Eastern District of Texas found Plaintiff's suit to be frivolous and sanctioned Plaintiff, prohibiting him "from filing any civil action in this district without prior permission of the Court" (the "EDTX Pre-Filing Injunction"). *See Liu v. Med. Ctr. of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010), Dkt. 78. Without permission of the Court, Plaintiff filed Plaintiff's 2016 Suit. In a Report & Recommendation, which the District Judge adopted as the findings of the Court, Magistrate Judge Nowak noted that Plaintiff violated the EDTX Pre-Filing Injunction and that this failure to comply was sufficient to justify dismissal of Plaintiff's Complaint. The Magistrate Judge clarified the EDTX Pre-Filing Injunction, stating:

> Plaintiff shall be enjoined from future filings in this District as follows: Plaintiff is prohibited from filing in, or removing to, the Eastern District of Texas any civil action without leave of court. Plaintiff shall be required to obtain leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas. Plaintiff must attach to the motion for leave copies of (1) the proposed complaint; (2) the EDTX Pre-Filing Injunction; and (3) a copy of this Report and Recommendation.

*Liu v. Hopkins Cnty. et al.*, 4:16-CV-694, (E.D. Tex. Dec. 20, 2016), Dkt. 17 at 6 (*findings adopted, Liu v. Hopkins Cnty. et al.*, 4:16-CV-694, (E.D. Tex. Jan. 27, 2017), Dkt. 23).

On July 25, 2022, Plaintiff filed the present suit without complying with the EDTX Pre-Filing Injunction. *See* Dkt. 1. Plaintiff has not attached copies of the EDTX Pre-Filing Injunction and Magistrate Judge Nowak's Report and Recommendation. In his proposed complaint and its attachments, Plaintiff represents himself as a United States officer and holds himself out as counsel representing the United States and/or Assistant United States Attorneys Kevin McClendon and Antoinette Bacon. *See* Dkt. 2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)).

## III. ANALYSIS

Plaintiff has violated the EDTX Pre-Filing Injunction in filing the instant lawsuit. *See Liu v. Med. Ctr. of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010). Plaintiff has not complied with Magistrate Judge Nowak's clarifying instructions because he has failed to include the EDTX Pre-Filing Injunction and a copy of Magistrate Judge Nowak's Report and Recommendation. *See Liu v. Hopkins Cnty. et al.*, 4:16-CV-694, (E.D. Tex. Dec. 20, 2016), Dkt. 17 at 6. Dismissal is appropriate for that reason alone. *See Liu v. Wells Fargo Bank*, No. 4:19-cv-849, 2019 WL 7875056, at *2 (E.D. Tex. Dec. 12, 2019), *R. & R. adopted* 2020 WL 7875056 (E.D. Tex. Jan. 29, 2020); *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) ("A district court may sua sponte dismiss an action for failure to prosecute or comply with any court order."); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) ("A district court may bar a vexatious litigant from filing future . . . complaints unless she seeks the prior approval of a district or magistrate judge." (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994))).

Furthermore, Plaintiff holds himself out as counsel representing the United States and/or Assistant United States Attorneys Kevin McClendon and Antoinette Bacon. *See* Dkt. 2. Plaintiff has been admonished multiple times in the Eastern and Northern Districts and the Fifth Circuit

that he is a non-lawyer proceeding in these actions *pro se* who is unable to legally act as counsel or represent the interests of others. *See Liu v. Plano Med. Ctr.*, 328 F. App'x 904, 905 (5th Cir. 2009); *U.S. ex rel Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226766, at *3 (E.D. Tex. Sept. 27, 2010) (recommending dismissal of Plaintiff's claims because "allowing a pro se individual to represent the interest of the United States [and other parties] would constitute the unauthorized practice of law"), *report and recommendation adopted sub nom. U.S. ex rel. Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226762 (E.D. Tex. Oct. 26, 2010); *Liu v. Warren*, 3:05-CV-1249-H (N.D. Tex. July 20, 2005) (directing Plaintiff "to cease any and all representation of any parties' interest other than his own personal interest pursuant to Texas law"). Because Plaintiff purports to assert the interests of the Unites States and the Assistant United States Attorneys without a license to practice law, Plaintiff should not be granted leave to file his proposed complaint and the case should be dismissed.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 1) be **DENIED** and the entirety of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** because Plaintiff cannot assert claims on behalf of the United States or others and for his failure to strictly comply with the EDTX Pre-Filing Injunction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 20th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE