# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **HAO LIU,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-633-ALM-KPJ |
| | § | |
| **SPECIALIZED LOAN SERVICING,** *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 20, 2022, the report of the Magistrate Judge (the "Report") (Dkt. #4) was entered containing proposed findings of fact and recommendations that Plaintiff Hao Liu's ("Plaintiff") Motion for Leave to File Complaint (Dkt. #1) be denied. Having received the Report of the United States Magistrate Judge, having considered Plaintiff's (construed) Objection (Dkt. #5), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report.

### RELEVANT BACKGROUND

Plaintiff has filed numerous cases in the Eastern District of Texas purporting, in each, to bring claims on behalf of the United States.[1] In Plaintiff's prior cases, he has been admonished

---

[1] *See, e.g.*, *Liu v. Medical Center of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010) ("Plaintiff's 2010 Suit"); *Liu v. Hopkins County et al.*, 4:16-CV-694 (E.D. Tex. Jan. 27, 2017) ("Plaintiff's 2016 Suit"); *Liu v. Flowers Davis, PLLC et al.*, 4:17-CV-263 (E.D. Tex. July 11, 2017); *Liu v. City of Allen et al.*, 4:17-CV-874 (E.D. Tex. May 9, 2018). Plaintiff's abusive litigation practices have led this District, the Northern District of Texas, and the Fifth Circuit Court of Appeals to levy sanctions and/or impose pre-filing injunctions against Plaintiff. *See Liu v. Hopkins County et al.*,

that as a *pro se* litigant, he is unable to legally act as counsel and/or represent the interests of the United States. In addition, the Eastern District of Texas has prohibited Plaintiff "from filing any civil action in this district without prior permission of the Court." Plaintiff's 2010 Suit, Dkt. #78; Plaintiff's 2016 Suit, Dkts. #17, #23 (the "EDTX Pre-Filing Injunction").

Plaintiff initiated the instant suit on July 25, 2022 (Dkt. #1) without fully complying with the requirements of the EDTX Pre-Filing Injunction. Plaintiff again seeks to assert claims on behalf of the United States, despite not having a license to practice law and being aware of the illegality of such practices. On October 20, 2022, the Magistrate Judge entered the Report recommending Plaintiff's Motion for Leave to File Complaint (Dkt. #1) be denied for failure to comply with the EDTX Pre-Filing Injunction and for Plaintiff's continued attempts to engage in the unauthorized practice of law by asserting the interests of the United States and Assistant United States Attorneys (Dkt. #4). On November 1, 2022, Plaintiff filed "Plaintiffs First Motion [#1] For Rule 60 Substantive Reliefs Application Extension Timing & Effect [FRCP Rule 60 (b), (c), (d)]" (Dkt. #5), which the Court construes as an Objection to the Report (Dkt. #4). Therein, Plaintiff appears to once again purport to be an officer of the United States and make a number of unclear and conclusory assertions. (*See* Dkt. #5).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).

Plaintiff does not address the EDTX Pre-Filing Injunction or the substance of the Report (Dkt. #4). (*See* Dkt. #5). The EDTX Pre-Filing Injunction makes clear "Plaintiff shall be enjoined

---

4:16-CV-694, Dkt. #17 (citing *Liu v. Plano Medical Center*, 3:08-CV-172-N (N.D. Tex. Apr. 21, 2008); *Hao Liu v. Plano Medical Center*, 3:08-CV-172-N (5th Cir. 2009)).

from future filings in this District as follows: Plaintiff is prohibited from filing in, or removing to, the Eastern District of Texas any civil action without leave of court . . . Plaintiff must attach to the motion for leave copies of (1) the proposed complaint; (2) the EDTX Pre-Filing Injunction; and (3) a copy of this Report and Recommendation." (*Liu v. Hopkins Cnty. et al.*, 4:16-CV-694, (E.D. Tex. Dec. 20, 2016), Dkt. #17 at 6 (findings adopted, *Liu v. Hopkins Cnty. et al.*, 4:16-CV-694, (E.D. Tex. Jan. 27, 2017), Dkt. #23).  Plaintiff has failed to strictly comply with the EDTX Pre-Filing Injunction.  Plaintiff's Objection does not cure such deficiency.  Plaintiff also continues to attempt to assert claims on behalf of individuals and entities other than himself—namely the United States—without a license to practice law.  Denial of leave is appropriate.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #5), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #4) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion for Leave to File (Dkts. #1) is **DENIED**.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

 **SIGNED this 12th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE